No. 227 March 25, 2026 17

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Tammy HILL,
an individual,
*Plaintiff-Appellant,*

*v.*

FAIRFIELD COLUMBIA RIDGE, LLC,
a Delaware limited liability company, and
WPL Associates, an assumed business name for
Kinsel Ameri Properties, Inc.,
an Oregon domestic business corporation,
*Defendants-Respondents.*
Multnomah County Circuit Court
22CV28543; A185219

Thomas M. Christ, Judge pro tempore.

Submitted March 5, 2026.

Tammy Hill filed the brief *pro se.*

Bruce C. Smith and Lewis Brisbois Bisgaard & Smith, LLP, filed the brief for respondent Fairfield Columbia Ridge, LLC.

Claire M. Whittal and Gillaspy Rhode Dfaddis & Benn, LLC, filed the brief for respondent WPL Associates.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

KAMINS, J.

In this landlord-tenant dispute, plaintiff appeals the trial court's grant of summary judgment to defendants. She assigns error to the trial court's conclusion that her negligence and Oregon Residential Landlord and Tenant Act (ORLTA) claims accrued in 2019 and were thus time-barred by the statutes of limitations. For the reasons explained below, we affirm.

We review "the trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted); ORCP 47 C. No genuine issue of material fact exists when, viewing the evidence in the light most favorable to the adverse party, "no objectively reasonable juror could return a verdict for the adverse party." ORCP 47 C.

Negligence claims are subject to a two-year statute of limitations under ORS 12.110(1). A negligence claim accrues when the plaintiff knew or, in the exercise of reasonable care, should have known facts establishing harm, causation, and tortious conduct. *Gaston v. Parsons,* 318 Or 247, 256, 864 P2d 1319 (1994). ORLTA claims are subject to a one-year statute of limitations period, which begins to run when the facts necessary to establish the statutory violation have occurred and the tenant has a right to bring suit. ORS 12.125. Unlike negligence claims, accrual does not depend on the tenant's knowledge of or full extent of the injury. *Hathaway v. B & J Property Investments, Inc.*, 325 Or App 648, 659, 531 P3d 152 (2023).

Both of plaintiff"s claims accrued in March 2019, when plaintiff observed mold in her unit and sought medical treatment for symptoms she attributed to it. *See Doughton v. Morrow,* 255 Or App 422, 431-32, 298 P3d 578 (2013) (negligence claim against developer accrued for limitations purposes when the property owners first noticed gravel issues and expressed concern about them); *Hathaway,* 325 Or App at 663 (in the absence of a discovery rule, a limitations

period begins to run when every fact necessary for the plaintiff to prove the elements of their claim has occurred and the plaintiff has a right to sue). Because she did not file suit until August 2022, both claims are time-barred.

Plaintiff contends that her claims did not accrue until June 2022, when a pipe leak allegedly caused additional contamination in her unit. Assuming that argument is preserved, we disagree. The fact that plaintiff observed mold shortly after moving in and sought medical treatment for the alleged mold-related illness is sufficient to establish discovery of harm and its alleged cause in March 2019.

Thus, the trial court did not err in granting summary judgment to defendants, because plaintiff's claims were time-barred under the relevant statutes of limitations.

Affirmed.